UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY G. LOCKHART,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:20-cv-01336-ADA-EPG<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 25).<br><br>AMENDED FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) BE GRANTED<br><br>(ECF No. 21).<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS |

On December 13, 2022, Attorney Jacqueline A. Forslund, counsel for Plaintiff Gary G. Lockhart, filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 21). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (*Id.* at 5; *see e.g.*, ECF No. 23). Plaintiff has not filed any response to the motion. On December 19, 2022, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 23). This matter was referred to the undersigned pursuant to Local Rule 302(c)(15).[1]

---

[1] Local Rule 302(c)(15) refers proceedings brought under 42 U.S.C. to "review a final decision of the Commissioner of Social Security, including dispositive and non–dispositive motions and matters[.]" A United States Magistrate may not enter a final judgment without the consent of all parties. 28 U.S.C. § 636(c); *see also Williams v. King*, 875 F.3d

1

For the reasons set forth below, the Court will recommend that the motion for an award of attorney's fees be GRANTED in the amount of $6,580, with counsel reimbursing Plaintiff for any of the $1,412.90 in fees received pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).[2] (*See* ECF No. 21).

## I.  BACKGROUND

Plaintiff filed the complaint in this case on September 19, 2020. (ECF No. 1).

On May 12, 2021, the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 16). On May 14, 2021, the assigned district judge entered an order approving the parties' stipulation and entering judgment in favor of Plaintiff. (ECF No. 17). On June 17, 2022, pursuant to the parties' stipulation, the assigned district judge entered an order awarding Plaintiff $1, 412.90 in EAJA fees. (ECF Nos. 19, 20).

On remand, the Commissioner held further proceedings and determined Plaintiff was entitled to disability insurance benefits. (ECF No. 21, p. 3). The Commissioner calculated Plaintiff's past-due benefits at $108,641.60 and 25%, *i.e.*, $27,160.40, was withheld to pay Plaintiff's representative. (ECF No. 21, p. 3 n.1; ECF No. 21-2, p. 1). This matter is now before the Court on counsel's motion, seeking an award of $6,580. (ECF No. 31).

## II.  DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in

---

500, 503-04 (9th Cir. 2017); *Robert Ito Farm, Inc. v. Cty. of Maui*, 842 F.3d 681, 686 (9th Cir. 2016) ("Where the magistrate judge has not received the full consent of the parties, he has no authority to enter judgment in the case, and any purported judgment is a nullity.") (quoting *Kofoed v. Int'l Bhd. of Elec. Workers, Local 48*, 237 F.3d 1001, 1004 (9th Cir. 2001)). An award of attorney's fees is a final judgment that requires jurisdiction. *See Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (magistrate judge lacks authority to enter final order on post–judgment motion for attorney's fees without the consent of all parties).

[2] On February 27, 2023, the Court issued findings and recommendations granting Plaintiff's motion for attorney's fees. (ECF No. 25). However, the findings and recommendations mistakenly omitted language regarding the timing for filing objections. Accordingly, the Court will vacate its prior findings and recommendations, and issue these amended findings to include such language.

addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

1   Here, the fee agreement in this case provides as follows:

2   THE CLIENT authorizes JAF to seek fees from their past due benefits totaling
    up to 25% of all past due benefits, pursuant to 42 U.S.C. § 406(b), if the CLIENT
3   is awarded benefits by the Court on appeal, or the Social Security Administration
    after the Court remands the case to the Social Security Administration for further
4   proceedings.

5   (ECF No. 21-1, p. 2).

6         The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which include obtaining a stipulated remand and an award of benefits after further proceedings. Counsel represents that 9.4 hours were expended in this matter. (ECF No. 21, p. 4; ECF No. 21-3, p. 1). There is no indication that a reduction is warranted due to any substandard performance by counsel and there is no evidence that counsel engaged in any dilatory conduct resulting in delay.

      Counsel seeks an award of $6,580, which results in an approximate hourly rate of $700. The Ninth Circuit has found similar and higher effective hourly rates reasonable. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Tamayo v. Kijakazi*, No. 1:19-CV-00317-GSA, 2022 WL 16810622, at *2 (E.D. Cal. Nov. 8, 2022) ("Moreover, the $710 effective hourly rate sought here is lower than the rates approved by other courts under section 406(b)."); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) (noting that "a survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range," and collecting cases). Further, the requested attorney fees award of $6,580 does not exceed 25% of past-due benefits and is not excessive in relation to the past-due benefits awarded, which total $108,641.60.

      In making this finding, the Court recognizes counsel's assumption of risk in agreeing to represent Plaintiff under a contingency fee agreement. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingency fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, counsel accepted substantial risk of loss in

representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the fee, and counsel successfully secured a stipulation for remand, after which Plaintiff was awarded substantial benefits.

An award of attorney fees pursuant to § 406(b) in the amount of $6,580 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was awarded $1,412.90 in EAJA fees, and counsel agrees to refund these fees.[3] (ECF No. 21-1, p. 2) ("JAF agrees that the [client] will be reimbursed the lesser of the EAJA fees or 406(b) fees, if both fees are awarded. This reimbursement may be made. . .by direct payment of the amount to the Client.").

### III.   CONCLUSION AND RECOMMENDATION

For the reasons stated above, the Court finds that the attorney fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable.

Accordingly, IT IS ORDERED that the Court's prior findings and recommendations (ECF No. 25) are VACATED. Further, IT IS RECOMMENDED that:

1. The motion for attorney fees (ECF No. 21) under 42 U.S.C. § 406(b) in the amount of $6,580 be granted.
2. The Commissioner be directed to certify the fee of $6,580 payable to Forslund Law LLC.
3. Plaintiff's counsel be directed to refund Plaintiff $1,412.90 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.
4. Plaintiff's counsel be directed to serve a copy of this Order on Plaintiff and shall thereafter file a certificate of service on the docket.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

---

[3] To the extent that Plaintiff's counsel requests the Court to order the Commissioner to account for a "net fee," *i.e.*, the contingent-fee amount minus the EAJA fee amount (*see* ECF No. 21, p. 4), the Court agrees with the Commissioner that this would be improper. (*See* ECF No. 23, p. 4). Because Plaintiff's counsel also received fees under EAJA, counsel is required to refund to Plaintiff the amount of the smaller fee. *See* 28 U.S.C. § 2412(d).

5

objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 28, 2023**__              /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE